IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARCZAR LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> IKEA NORTH AMERICA SERVICES, LLC ; AND <br> INTER IKEA SYSTEMS B.V. <br><br> *Defendant.* | Civil Action No. 2:12-cv-785 <br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Arczar LLC ("Arczar") makes the following allegations against IKEA North America Services, LLC and Inter IKEA Systems B.V.:

**PARTIES**

1. Plaintiff Arczar is a Texas limited liability company having a principal place of business of 104 East Houston Street, Suite 170, Marshall, Texas 75670.

2. On information and belief, Inter IKEA Systems B.V. is a company organized under the laws of The Netherlands, with its principle place of business at Olof Palmestraat 1, Delft, 2616, The Netherlands. Upon information and belief, Inter IKEA Systems B.V. may be served via officer or director at the above address.

3. On information and belief, Defendant IKEA North America Services, LLC is a subsidiary of Inter IKEA Systems B.V., and a Delaware limited liability company with its principal place of business at 420 Alan Wood Rd., Conshohocken, PA 19428. IKEA North America Services, LLC may be served through its agent for service

of process The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.  Hereinafter, IKEA North America Services, LLC and Inter IKEA Systems B.V. are collectively referred to as "IKEA."

## JURISDICATION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and has committed acts of patent infringement in this district.

6.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,037,936

7.     Plaintiff is the exclusive licensee of United States Patent No. 6,037,936 ("the '936 Patent") entitled "Computer Vision System with a Graphic User Interface and Remote Camera Control" and possesses all rights of recovery under the '936 patent, including the right to sue for infringement and recover past damages.  The '936 Patent

issued on March 14, 2000. A true and correct copy of the '936 Patent is attached as Exhibit A.

8. Upon information and belief, IKEA has been and now is infringing the '936 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, providing, offering to sell, and selling (directly or through intermediaries) the IKEA Catalogue mobile application, which addresses a scene with a computer vision system, forms an image of the scene, generates a graphical user interface, combines the image of the scene with the graphical user interface to form a composite image, and displays the composite image in a display field. IKEA is directly infringing, literally infringing, and/or infringing the '936 Patent under the doctrine of equivalents. IKEA is thus liable for infringement of the '936 Patent pursuant to 35 U.S.C. § 271.

9. To the extent that facts learned in discovery show that Defendants' infringement of the '936 Patent is, or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

10. As a result of Defendants' infringement of the '936 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants infringed the '936 Patent;

2. A judgment and order requiring Defendants pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '936 Patent as provided under 35 U.S.C. § 284;

3. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Arczar, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED December 10, 2012.

Respectfully submitted,

By: \s\ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Telephone: 972.331.4602
Fax: 972.314.0900

**ATTORNEYS FOR PLAINTIFF ARCZAR LLC**